IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADMINISTRATIVE COMMITTEE OF
THE WAL-MART STORES, INC.
ASSOCIATES' HEALTH AND
WELFARE PLAN,

    Plaintiff,

vs.                                        No. CIV-02-300 JP/WWD

JANET SANTILLANES, an individual,
LAW OFFICES OF JANET SANTILLANES,
and DESERT STATE LIFE MANAGEMENT, INC.,
trustee for the SUPPLEMENTAL NEEDS TRUST
ACCOUNT, established for the benefit of Mary C.
Galloway,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On October 17, 2002, Plaintiff Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("Wal-Mart") filed a motion to dismiss its complaint with prejudice, according to Fed. R. Civ. P. 41(a)(2). (Doc. No. 37). Defendants Janet Santillanes, the Law Offices of Janet Santillanes, and Desert State Life Management, Inc., oppose dismissal of the action under Rule 41(a)(2). Defendants had previously filed a motion to dismiss and a motion for attorneys' fees. Defendants request that this Court grant Defendants' motion to dismiss and Defendants' motion for attorneys' fees. In the alternative, if this Court grants Plaintiff's motion to dismiss, Defendants ask that the action be dismissed upon attorneys' fees being awarded to Defendants.

This Memorandum Opinion and Order addresses (1) Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 15), (2) Defendants' Motion for Attorneys' Fees (Doc.

No. 34), and (3) Plaintiff's Motion to Dismiss its Complaint with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. No. 37).  After a careful consideration of the law and briefs, this Court concludes that Defendants' Motion to Dismiss for Failure to State a Claim should be denied, Defendants' Motion for Attorneys' Fees and Brief in Support of Their Motion should also be denied, and Plaintiff's Motion to Dismiss Complaint with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) should be granted.

I.      **Procedural Background**

In 1994, Mary Galloway, an employee of Wal-Mart Stores, Inc., was injured off the job.  Ms. Galloway was a covered person under the terms of the Wal-Mart Stores, Inc., Associates' Health and Welfare Plan ("Plan"), a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  Ms. Galloway elected to receive medical benefits under this Plan.  The Administrative Committee of Wal-Mart, the Plaintiff in this case, is the Plan's administrator and fiduciary.  The Plan paid $71,655.10 in medical benefits on Ms. Galloway's behalf for expenses related to her injuries.

According to Plaintiff, Ms. Galloway agreed to all the provisions in the Plan when she accepted benefits under the Plan.  Included in the Plan is a reimbursement provision, which Plaintiff alleges requires Ms. Galloway to reimburse the Plan to the extent of benefits paid when she recovers damages from a third party responsible for her injuries.  Plaintiff also claims that the terms of the Plan provide that attorneys' fees and costs in obtaining recovery from a third party are Ms. Galloway's sole responsibility and that reimbursement to the Plan is required even if Ms. Galloway is not "made whole" by the recovery.

2

After accepting medical benefits under the Plan, Ms. Galloway, through her attorney Janet Santillanes, brought suit in state court against the third parties responsible for her injuries. In 2001, Ms. Galloway obtained a settlement from the third parties in excess of $71,655.10. Wal-Mart then determined that the Plan was entitled to reimbursement of $70,695.29 from the settlement proceeds. Ms. Galloway disputed this amount.

In response to Ms. Galloway's petition to determine the subrogation dispute between Ms. Galloway and Wal-Mart, the state court added Wal-Mart as a party to the state court action. Wal-Mart then removed that action to federal court, claiming complete preemption under ERISA. Galloway v. Physicals Plus, Inc., No. Civ. 01-584 M/WWD (D.N.M., filed May 22, 2001). Judge Mechem, however, remanded the case to state court, finding, in part, that "Wal-Mart removes without regard for the well-pleaded complaint rule and no federal question appears on the face of the complaint" and that "ERISA does not preempt the subrogation claim that now exists post-judgment and determination of the controversy depends wholly on state law."[1] Galloway, No. Civ. 01-584, Order to Remand (Doc. No. 11) at 1 (D.N.M. Aug. 7, 2001). Judge Mechem further ordered that attorneys' fees be awarded to Ms. Galloway, the amount to be determined by the state court, based on Wal-Mart's "obviously hasty and clearly baseless attempt at removal." Id. at 2.

---

[1] In his Order to Remand, Judge Mechem held, without discussion, that his decision was supported in the record. From Plaintiff's Memorandum in Support of Plaintiff's Motion to Remand, Galloway, No. Civ. 01-584 (Doc. No. 8) at 3, it appears that Ms. Galloway raised the following issues in her petition in state court, which provided the basis for Judge Mechem's Order to Remand: (1) the "make whole" doctrine applies; (2) if Wal-Mart recovers anything, its recovery should be reduced so that Wal-Mart recovers no greater percentage of its claim than Ms. Galloway received of her total damages; and (3) the common fund doctrine applies so that Wal-Mart must pay its proportionate share of costs and attorneys' fees incurred in the recovery.

Upon remand to the state court, the Honorable Daniel Schneider ruled that Wal-Mart was entitled to 11.7% of the settlement proceeds, minus the costs of recovery. Defs.' Resp. in Opp. to Wal-Mart's Mot. to Affirm the Determination of the Administrative Committee, Ex. 3 at 2. Defendants assert that Wal-Mart is thus entitled to $9,090.90 on its subrogation claim. Wal-Mart initially appealed this state court order but later withdrew its appeal. The state court also determined the amount of attorneys' fees due Ms. Galloway based on Judge Mechem's Order. Wal-Mart appealed that attorneys' fees award to the Tenth Circuit but dismissed its appeal after the parties settled the attorneys' fees matter.

After Judge Mechem remanded No. Civ. 01-584 to state court, Wal-Mart filed a separate action in federal court against Ms. Galloway under ERISA. Administrative Committee v. Galloway, No. Civ. 01-1186 ELM/WWD (D.N.M., filed October 15, 2001). After the Supreme Court released its decision in Great-West Life & Annuity Ins. Co. v. Knudson, 122 S.Ct. 708 (2002), Defendant Galloway asked Wal-Mart to voluntarily dismiss No. Civ. 01-1186. Wal-Mart declined to do so. Only after Defendant Galloway sent Wal-Mart a motion for summary judgment and a motion for attorneys' fees did Wal-Mart file a voluntary notice of dismissal of its claim against Ms. Galloway. Defendant Galloway opposed dismissal of the action until Judge Mechem could decide Defendant Galloway's motions, including her request for attorneys' fees. Before Defendant Galloway's motion package was filed, however, Judge Mechem granted summary judgment in favor of Defendant Galloway, based on the Knudson decision. See Administrative Committee v. Galloway, No. Civ. 01-1186 ELM/WWD, Memorandum Opinion and Order (Doc. No. 22) at 4 (D.N.M. Mar. 29, 2002). Ms. Galloway did not file a motion for attorneys' fees in No. Civ. 01-1186 after this ruling.

4

In light of <u>Knudson</u>, and before Judge Mechem granted summary judgment in favor of Defendant Galloway in No. Civ. 01-1186, Plaintiff filed this ERISA action, No. Civ. 02-300, against Janet Santillanes (Ms. Galloway's attorney), the Law Offices of Janet Santillanes, and Desert State Life Management, Inc. (the Trustee for a Supplemental Needs Trust Account established by the state court for the benefit of Ms. Galloway). Plaintiff sought a temporary restraining order to protect the settlement funds, but this Court denied the request because Defendant Santillanes represented to the Court that she would preserve at least $70,695.29 in her law firm's trust account pending this Court's resolution of Plaintiff's claim. Plaintiff then sought an order granting a constructive trust over the funds in Defendants' possession and ordering equitable restitution in the amount of $70,695.29.

On August 2, 2002, Defendants filed a motion to dismiss this action based primarily on the argument that the Defendants are not parties to the ERISA plan. In their reply, Defendants argued extensively, for the first time, that Plaintiff's action is barred by res judicata. In order to give Plaintiff a chance to respond to the res judicata argument raised in Defendants' reply brief, this Court ordered both parties to file supplemental briefs on the res judicata issue.

On September 3, 2002, Plaintiff filed a motion to affirm the determination of the Administrative Committee. Then, on September 24, 2002, Defendants filed a motion for attorneys' fees, based on the Court's discretion to award attorneys' fees under ERISA. On October 11, 2002, Plaintiff asked for additional time to respond to Defendants' Motion for Attorneys' Fees. Defendants advised Plaintiff that they would not oppose the requested extension so long as Plaintiff did not use the extension to seek a dismissal of Plaintiff's action before Defendants' motion for attorneys' fees could be decided. The Honorable William W. Deaton,

5

however, granted Plaintiff an unconditional extension, until October 28, 2002, to respond to Defendants' motion for attorneys' fees.

Subsequently, on October 17, 2002, Plaintiff filed a motion to dismiss its complaint with prejudice under Fed. R. Civ. P. 41(a)(2). The next day, Defendants filed a response to Plaintiff's motion to dismiss. Defendants stated that they do not oppose the dismissal of Plaintiff's action so long as the Court retains the opportunity to rule on Defendants' pending motion for attorneys' fees. Defendants request that the Court grant Defendants' motion to dismiss and motion for attorneys' fees. In the alternative, if this Court grants Plaintiff's voluntary motion to dismiss under Rule 41(a)(2), Defendants request that attorneys' fees be awarded to Defendants.

Because Defendants oppose Plaintiff's voluntary dismissal of Plaintiff's complaint without an award of attorneys' fees, this Court must first examine Defendants' Motion to Dismiss for Failure to State a Claim and Defendants' Motion for Attorneys Fees and Brief in Support of Their Motion, before turning to Plaintiff's Motion to Dismiss Complaint with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2).

II. **Defendants' Motion to Dismiss for Failure to State a Claim**

    A. **Res Judicata**

Defendants argue that the doctrine of res judicata bars this Court from granting Plaintiff a constructive trust over the funds in Defendants' possession. The primary thrust of Defendants' argument is that the state court already determined how much Plaintiff is entitled to recover from Ms. Galloway's third-party settlement. Defendants contend that, following Judge Mechem's Order to Remand, State Judge Schneider ruled, under state law, that Plaintiff is entitled to only $9,090.90. Defendants argue that Judge Schneider's ruling bars this Court from litigating the

issue of the amount to which Plaintiff is entitled under the Plan.  Moreover, Defendants claim that Judge Mechem's order granting Ms. Galloway summary judgment, following the Supreme Court's decision in <u>Knudson</u>, bars the litigation of this claim, as Defendants assert that the current Defendants are in privity with Ms. Galloway.  Defendants argue that Plaintiff's action, despite being couched in terms of an equitable action for a constructive trust, is really an action for breach of contract, as Plaintiff's Complaint asks this Court to enforce the terms of the Plan and to grant equitable relief.  <u>See</u> Verified Complaint (Doc. No. 1) at ¶¶ 13-15.  Since Judge Mechem already ruled that Plaintiff cannot sue Ms. Galloway for breach of contract, Defendants contend that Plaintiff cannot sue Defendants for Ms. Galloway's breach of contract.

1.  **The Res Judicata Effect of the State Court Decision**

ERISA provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter."  29 U.S.C. § 1132(e).  Actions brought under 29 U.S.C. § 1132(a)(3) to enforce the terms of a plan are subject to the exclusive jurisdiction of the federal courts.

In <u>Galloway v. Physicals Plus, Inc.</u>, No. Civ. 01-584, Judge Mechem remanded the action to state court because, under the well-pleaded complaint rule, no federal question appeared on the face of the complaint, as all the claims brought by Ms. Galloway were based on state law.  Judge Mechem determined that Wal-Mart's ERISA defense did not preempt the subrogation claim that depended wholly on state law.  <u>Galloway v. Physicals Plus, Inc.</u>, No. Civ. 01-584 M/WWD, Order to Remand (Doc. No. 11) at 1 (D.N.M. Aug. 7, 2001).  The state law claims were decided by Judge Schneider in state court.  However, because federal district courts have exclusive jurisdiction to hear claims under § 1132(a)(3), Plaintiff could not have brought its ERISA claim in

state court. Based on this reasoning, Judge Mechem determined previously, in <u>Administrative Committee v. Galloway</u>, No. Civ. 01-1186 ELM/WWD, Memorandum Opinion and Order (Doc. No. 22) at 6 (D.N.M. Mar. 29, 2002), that the state court decision by Judge Schneider does not have res judicata effect on Plaintiff's claim to enforce the terms of the Plan under § 1132(a)(3).

In the <u>Galloway</u> case, No. Civ. 01-1186, Judge Mechem noted that res judicata would bar the suit if (1) the issues were actually decided or could have been decided in the original lawsuit, (2) there is a final judgment on the merits by a court of competent jurisdiction, (3) there is an identity of cause, and (4) there is an identity of parties or their privies. <u>Id.</u> at 6. Judge Mechem determined that the res judicata argument failed on the first requirement, because Wal-Mart could not have brought its ERISA claim in state court due to the exclusive jurisdiction vested in the district courts of the United States according to 29 U.S.C. § 1132(e). <u>Id.</u> Judge Mechem stated that "the issue of restitution pursuant to ERISA could not have been litigated in the state court." <u>Id.</u> Judge Mechem, therefore, concluded that the state court judgment was not entitled to res judicata effect.

Judge Mechem's reasoning is supported by a number of other federal courts, which have held that a state court judgment on the issue of subrogation does not preclude a federal court determination of an ERISA reimbursement claim. <u>See</u> <u>Unisys Medical Plan v. Timm</u>, 98 F.3d 971 (7th Cir. 1996) (holding that a state personal injury suit did not preclude litigation of an ERISA reimbursement issue because the medical plan could only have pursued the subrogation issue, not the ERISA reimbursement issue, in the state court proceeding); <u>Administrative Committee v. Alexander</u>, 2001 WL 32874 (N.D. Ill. Jan. 12, 2001) (finding that the state court proceeding was not entitled to res judicata effect because the § 1132(a)(3) ERISA claim lies within the exclusive

8

jurisdiction of the federal courts and could not have been raised in the state court proceeding); Administrative Committee v. Maxwell, 2000 WL 286886 (N.D. Ill. 2000) (holding that res judicata does not bar the health plan's reimbursement claim under ERISA because the ERISA issue could not have been decided in the state court proceedings based on the federal district courts' exclusive jurisdiction over ERISA claims); Provident Life and Accident Ins. Co. v. Linthicum, 743 F.Supp. 662 (W.D. Ark. 1990), *affirmed by*, 930 F.2d 14 (8th Cir. 1991) (determining that the health plan was not barred by res judicata because the health plan was not a party to the state court proceeding and recognizing that the plan's right to recover benefits paid from a third-party settlement is an ERISA claim under the exclusive jurisdiction of the federal courts).

Based on Judge Mechem's analysis of the res judicata issue and on the above cases, this Court determines that Judge Schneider's state court ruling does not bar Plaintiff's § 1132(a)(3) ERISA reimbursement claim. Giving the state court decision res judicata effect would allow New Mexico law to regulate an ERISA benefit plan, contrary to Congress' intent that federal ERISA law should apply. If this Court were not to consider Plaintiff's ERISA claim, then the ERISA right alleged would never be fully adjudicated. Despite the possibility of inconsistent judgments being rendered by the federal and state courts regarding the amount of reimbursement to which Plaintiff is entitled, Plaintiff's claim is not barred by the state court decision under the doctrine of res judicata. Moreover, Judge Mechem's Order to Remand does not preclude this ERISA action, because that decision is only entitled to res judicata effect on the issue of subject matter jurisdiction. See Health Cost Controls of Illinois, Inc. v. Washington, 187 F.3d 703, 708 (7th Cir. 1999).

2. **The Res Judicata Effect of Judge Mechem's Decision in <u>Galloway</u>, No. Civ. 01-1186, Granting Summary Judgment in Favor of Ms. Galloway**

Under New Mexico law, res judicata bars subsequent actions if (1) the issues were actually decided or could have been decided by a court of competent jurisdiction, (2) there is a final judgment on the merits by a court of competent jurisdiction, (3) there is an identity of cause, and (4) there is an identity of parties or their privies. <u>See</u> <u>Wolford v. Lasater</u>, 126 N.M. 614, 616, 973 P.2d 866, 868 (Ct. App. 1998). As to the same cause of action requirement, Defendants point out that in both the <u>Galloway</u> case, No. Civ. 01-1186, and in this case, Plaintiff seeks a constructive trust for $70,695.29 to enforce the terms of the Plan. However, given the Supreme Court's holding in <u>Knudson</u>, this Court concludes that this case involves a separate and different cause of action.

In <u>Knudson</u>, the Supreme Court determined that only equitable relief is available under ERISA. <u>Knudson</u>, 122 S.Ct. at 714. Restitution in equity, in the form of a constructive trust or equitable lien, is a proper remedy "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." <u>Id.</u> However, the Court stated that equitable restitution was not proper where the property or proceeds had been dissipated so that no product remained. <u>Id.</u> In <u>Knudson</u>, the Court stated that the proceeds had been disbursed to the Special Needs Trust and to the respondents' attorney, so the funds were not in the respondents' possession. Therefore, the Court reasoned that the health plan's claim was not equitable, because the "basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to *some* funds for benefits that they conferred." <u>Id.</u> at 715.

The Supreme Court in Knudson dismissed the health plan's cause of action because it was not based in equity, as the health plan sought imposition of personal liability against the respondents who were not in possession of the funds. Id. at 719.

Based on the holding in Knudson, Plaintiff filed this lawsuit against Defendants because Defendants hold the proceeds from the settlement of Ms. Galloway's tort action in their possession. In contrast to Knudson, in this lawsuit, Plaintiff does not seek to impose personal liability on Defendants; instead, Plaintiff seeks restitution in equity in the form of a constructive trust over funds that Defendants possess. Given the Supreme Court's distinction between restitution at law and restitution in equity, this Court determines that this case does not involve the same cause of action as the cause of action in the Galloway case, No. Civ. 01-1186. Therefore, Judge Mechem's decision in the Galloway case, No. Civ. 01-1186, granting summary judgment in favor of Ms. Galloway, is not preclusive of this action.

In sum, this Court concludes that Defendants' motion to dismiss this case, based on the doctrine of res judicata, should be denied.

### B.     **Whether Defendants are proper parties in this ERISA suit**

Defendants' remaining argument in support of their motion to dismiss is that Defendants cannot be sued under ERISA because only parties to an ERISA-regulated plan can be held liable under its statutory provisions. In support of this proposition, Defendants rely on Hotel Employees & Restaurant Employees International Union Welfare Fund v. Gentner, 50 F.3d 719 (9th Cir. 1995), and Great-West Life & Annuity Ins. Co. v. Bullock, 202 F.Supp.2d 461 (E.D.N.C. 2002).

11

Defendants' reliance, however, on Hotel Employees and Bullock is misplaced, because in both those cases, the health plan fiduciary was seeking to impose personal liability on the attorney who allegedly wrongfully disbursed settlement funds to a client despite the attorney's knowledge of the terms of the health plan. In Hotel Employees, the plan fiduciary attempted to recover from the beneficiary's attorney for violating the terms of the health plan by allegedly wrongfully disbursing the settlement funds and for being personally liable for breach of the attorney's fiduciary duty in failing to honor the subrogation agreement contained in the plan. Hotel Employees, 50 F.3d at 720-21. Similarly, in Bullock, the plan fiduciary attempted to hold the beneficiary's attorney liable for breach of the attorney's fiduciary duty. Bullock, 202 F.Supp.2d at 465-66. This case is distinguishable from Hotel Employees and Bullock because here Plaintiff is not alleging that Defendants violated the terms of the Plan, that Defendants breached any fiduciary duty, or that Defendants are personally liable under the Plan. Rather, in this case, Plaintiff is merely seeking to impose a constructive trust upon funds that Defendants have in their possession.

The relief sought in this case is proper following the Supreme Court's decision in Knudson. As previously discussed, in Knudson, the Supreme Court determined that restitution in equity, in the form of a constructive trust or equitable lien, is a proper remedy "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Knudson, 122 S.Ct. at 714. If particular funds could be traced to the defendant's possession, then an equity court could order the defendant to transfer title or to give a security interest to a plaintiff who was the true owner of the funds. Id. Where, however, the property has been dissipated so that no product remains, the

plaintiff cannot enforce a constructive trust upon other property of the defendant. Id. In Knudson, the Supreme Court determined that the proceeds had been disbursed to the Special Needs Trust and to the respondents' attorney, so the funds were not in the respondents' possession. Therefore, the Supreme Court dismissed the health plan's cause of action because it was not based in equity; rather, it sought to impose personal liability against the respondents who were not in possession of the funds. Id. at 719.

In contrast to Knudson, the relief requested in this case is permissible under ERISA. Here, the money identified can be clearly traced to particular funds in the Defendants' possession; Plaintiff does not seek to impose personal liability on Defendants; and the funds held by Defendants are presently within their possession and control. The Supreme Court in Knudson indicated that the relief requested in this case might be an alternate remedy that health plans could seek under ERISA. The Supreme Court stated:

> We note, though it is not necessary to our decision, that there may have been other means for petitioners to obtain the essentially legal relief that they seek. We express no opinion as to whether petitioners could have intervened in the state-court tort action brought by respondents or whether a direct action by petitioners against respondents asserting state-law claims such as breach of contract would have been pre-empted by ERISA. *Nor do we decide whether petitioners could have obtained equitable relief against respondents' attorney and the trustee of the Special Needs Trust, since petitioners did not appeal the District Court's denial of their motion to amend their complaint to add these individuals as codefendants.*

Id. (emphasis added). Although the Supreme Court did not rule on whether health plans could impose constructive trusts on funds held by their beneficiaries' attorneys, this Court determines that the Supreme Court's decision permits such a remedy. To construe § 1132(a)(3) of ERISA

13

otherwise might deprive employee benefit plans of any remedy, which would be inconsistent with the primary purpose of ERISA.

This Court's interpretation of Knudson is supported by a number of decisions from other courts, which have ruled that, according to the reasoning in Knudson, ERISA reimbursement claims, in which the plaintiffs seek to impose constructive trusts over funds, are proper claims for equitable relief when the funds sought are preserved and in the defendant's possession.  See In re Carpenter, 2002 WL 1162277 (4th Cir. 2002) (unpublished decision) (finding that Wal-Mart had an enforceable equitable lien on its beneficiaries' settlement proceeds after Knudson, because the particular property was in the hands of the plan beneficiaries); IBEW-NECA Southwestern Health and Benefit Fund v. Douthitt, 2002 WL 1398549 (N.D. Tex. June 25, 2002) (holding that the district court had jurisdiction under ERISA to order restitution in equity where the plan was seeking to impose a constructive trust over funds currently being held by the beneficiary's attorney in his client trust account, and where the funds were clearly traceable to the beneficiary, in good conscience belonged to the plan, and the plan did not seek to impose personal liability on the beneficiary); Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. First National Bank of Killeen, No. Civ. W-01-CV-236, Memorandum Opinion and Order (W.D. Tex. June 3, 2002) (ruling that the bank that held settlement funds in trust for the health plan's beneficiary was the proper party for the restoration of the funds in an action imposing a constructive trust over the funds); Great-West Life & Annuity Ins. Co. v. Brown, 192 F.Supp.2d 1376 (M.D. Ga. 2002) (permitting the health plan to seek restitution in equity where the defendant had placed the settlement amount in a trust account); Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco, 2002 WL 47159 (N.D.

Ill. January 14, 2002) (concluding that, where the plaintiff had sued the individual in possession of the funds to which the plaintiff was rightfully entitled under an ERISA plan, and the court had assumed control of the funds by imposing a constructive trust, the plaintiff brought a proper ERISA claim for equitable relief over which the court had exclusive jurisdiction).[2]

In this case, the requested relief is in the form of a constructive trust over money identified as belonging in good conscience to Plaintiff and which can be clearly traced to particular funds in Defendants' possession. Based on Knudson and these post-Knudson cases, this Court concludes that the relief Plaintiff seeks here is restitution in equity. Because the requested relief is an equitable remedy, Plaintiff's claim is properly brought under ERISA. Therefore, Defendants' motion to dismiss, based on Defendants not being proper parties under ERISA, should be denied.

### III.     **Defendants' Motion for Attorneys' Fees**

Under 29 U.S.C. § 1132(g)(1), a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." In regard to this ERISA provision for attorneys' fees, the Tenth Circuit has stated, "Although the statute does not expressly require that a party prevail as a condition to receiving an award of attorneys' fees . . . , we have remanded cases for denial of fees without explanation only when the party seeking fees had prevailed at least partially." Morgan v. Independent Drivers Ass'n Pension Plan, 975 F.2d 1467, 1471 (10th Cir. 1992) (internal citations omitted). In Morgan, the Tenth Circuit declined to remand to require the district court to enunciate its reasons for its denial of the plaintiffs' request for attorneys' fees,

---

[2]Defendants rely on Westaff (USA), Inc. v. Arce, 298 F.3d 1164 (9th Cir. 2002), for the contrary proposition that the imposition of a constructive trust on funds held in trust by a beneficiary's attorney is not permissible under ERISA. After considering the Westaff decision, this Court finds that Westaff is unpersuasive and distinguishable from this case.

15

because all the plaintiffs' claims had been dismissed with prejudice. Id. at 1472; see also Chambers v. Family Health Plan Corp., 100 F.3d 818, 827-28 (10th Cir. 1996) (declining to award attorneys' fees or to remand the issue to the district court because the party seeking the fees had not prevailed on any of his substantive and procedural ERISA claims); Arfsten v. Frontier Airlines, Inc. Retirement Plan for Pilots, 967 F.2d 438, 442 n.3 (10th Cir. 1992) ("Because we reverse the district court's decision on the merits, plaintiff is not a prevailing party, and his arguments on attorneys' fees are moot."). This Court, however, need not decide whether Defendants are a prevailing party, because Defendants are unable to show that they are entitled to attorneys' fees under ERISA.

The Tenth Circuit has repeatedly held that, when determining whether to award attorneys' fees under § 1132(g)(1) of ERISA, the district court should consider the following factors, among others: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to pay attorneys' fees; (3) whether an award of attorneys' fees would deter others from acting in the same manner; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Downie v. Independent Drivers Ass'n Pension Plan, 945 F.2d 1171, 1172-73 (10th Cir. 1991); Gordon v. United States Steel Corp., 724 F.2d 106, 109 (10th Cir. 1983); Eaves v. Penn, 587 F.2d 453, 465 (10th Cir. 1978). These five factors are merely guidelines, and while courts do not need to consider each factor, no single factor should be held as dispositive. McGee v. Equicor-Equitable HCA Corp., 953 F.2d 1192, 1209 n.17 (10th Cir. 1992).

In regard to the first factor, Plaintiff's culpability differs from that of the typical ERISA party from whom attorneys' fees are sought under § 1132(g)(1), because Plaintiff has not been shown to have violated ERISA. Instead, Defendants allege that Plaintiff should be liable for attorneys' fees because Plaintiff acted in bad faith by pursuing a lawsuit that is without merit. Defendants assert that Plaintiff has multiplied the proceedings unreasonably and vexatiously and that Plaintiff continues to argue matters that have already been decided. As previously discussed, however, Plaintiff's suit does have merit, and the multiple suits of which Defendants complain were driven by complex ERISA laws, not by Plaintiff's vexatiousness.

Ms. Galloway originally brought Wal-Mart into the state court suit to resolve state law subrogation issues. While Wal-Mart's attempt to remove that action may have been baseless and in bad faith, Judge Mechem already awarded Defendants attorneys' fees and costs for Wal-Mart's removal of that case to federal court. Wal-Mart then filed suit against Ms. Galloway in federal court asserting ERISA claims, which, due to the federal courts' exclusive jurisdiction, could not have been raised in the state court proceedings. At the time Wal-Mart brought the <u>Galloway</u> case, No. Civ. 01-1186, the Supreme Court had not decided <u>Knudson</u>, and the status of ERISA law was unclear as to whether an ERISA plan could bring suit against the plan beneficiary to enforce the plan's reimbursement provisions. After <u>Knudson</u> held that such an action was improper, Wal-Mart moved voluntarily to dismiss its case against Ms. Galloway. Judge Mechem, following <u>Knudson</u>, granted summary judgment for Ms. Galloway. Wal-Mart brought this case against Ms. Galloway's attorney and the trustee for the Supplemental Needs Trust Account because the Supreme Court in <u>Knudson</u> indicated that such an action might be an alternate method for relief. While Plaintiff has been tenacious in its attempts to recover the benefits that it

paid to Ms. Galloway, this Court does not believe that Plaintiff has acted in bad faith. Plaintiff brought this lawsuit, not to be unreasonable and vexatious, but rather, to advocate vigorously its position -- a position that had been complicated by the Knudson decision. For these reasons, this Court determines that the first factor weighs in Plaintiff's favor.

While the second factor tips in Defendants' favor, as Plaintiff is in a position to pay any award of attorneys' fees, the third, fourth, and fifth factors weigh in Plaintiff's favor. The third factor – the deterrent effect of an attorneys' fees award – weighs in favor of Plaintiff because Plaintiff did not bring a frivolous or vexatious lawsuit. Plaintiff's litigation in this case, while zealous, has not been undertaken in bad faith; rather, Plaintiff's litigation strategy has been complicated by the uncertainty in the ERISA field and the Supreme Court's decision in Knudson. Because Defendants have not shown that Plaintiff acted in bad faith, there is no behavior that this Court should seek to deter. Thus, the third factor does not support Defendants. Fourth, Defendants did not seek to benefit all participants or to resolve a significant legal question; they have merely defended against Plaintiff's claims. Finally, as to the fifth factor, the relative merits of the parties' positions, Plaintiff has brought a valid claim on a novel and complex issue that has only recently begun to be developed by the courts. Because Defendants' motion to dismiss should be denied and Plaintiff did not bring this suit in bad faith, the fifth factor, the relative merits of the parties' positions, weighs in Plaintiff's favor. Thus, given that four out of the five factors weigh in favor of Plaintiff, Defendants' motion for attorneys' fees, based on § 1132(g)(1), should be denied.

Defendants also claim that attorneys' fees are warranted under 28 U.S.C. § 1927. Section 1927 provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably

and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An attorney's actions are deemed unreasonable and vexatious when the attorney acts in bad faith. <u>Dreiling v. Peugeot Motors of America, Inc.</u>, 768 F.2d 1159, 1165 (10th Cir. 1985). The court's power to assess costs against an attorney personally under this section, however, is a "power that must be strictly construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice.' " <u>Id.</u> (citations omitted). As previously discussed, Plaintiff's attorneys did not act in bad faith in pursuing Plaintiff's claims before this Court. If anything, Plaintiff's attorneys' voluntary motion to dismiss Plaintiff's claim should be construed as not multiplying the proceedings before this Court. Therefore, Defendants' motion for attorneys' fees under § 1927 should be denied.

In sum, because this Court finds that Plaintiff and Plaintiff's attorneys' did not bring this suit in bad faith, Defendants' motion for attorneys fees, under either 29 U.S.C. § 1132(g)(1) or 28 U.S.C. § 1927, should be denied.

IV. **Plaintiff's Motion to Dismiss Complaint with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)**

Plaintiff filed a motion to dismiss its complaint with prejudice, according to Fed. R. Civ. P. 41(a)(2). As grounds therefor, Plaintiff states that it has decided to accept the reimbursement amount awarded by the state court because of the uncertainty of continued litigation. Defendants oppose this motion because Defendants believe that they are entitled to attorneys' fees.

Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Because this Court concludes that Defendants' motion to dismiss and Defendants' motion for attorneys'

19

fees should be denied and that Plaintiff did not bring this claim in bad faith, there is no reason to deny Plaintiff's motion to dismiss.  Thus, Plaintiff's motion to dismiss under Rule 41(a)(2) should be granted.

      IT IS THEREFORE ORDERED that:

1.    Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 15) is DENIED;

2.    Defendants' Motion for Attorneys' Fees (Doc. No. 34) is DENIED;

3.    Plaintiff's Motion to Dismiss its Complaint with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. No. 37) is GRANTED;

4.    This case will be dismissed with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE